Zimmerman, J.,
concurring. In my view the dissenting opinion of Judge Taft herein deals too harshly with the disposition made of the instant cases by the majority of the court.
As concerns an appeal from the Board of Tax Appeals to the Supreme Court or the Court of Appeals, Section 5717.04, Revised Code, provides in part:
“The proceeding to obtain a reversal, vacation, or modification * * * shall be by appeal to the Supreme Court or the Court of Appeals * * #.

am m m

“The board, upon written demand filed by an appellant, shall within 30 days after the filing of such demand file with the court to which the appeal is being taken a certified transcript of the record of the proceedings of the board pertaining to the decision complained of and the evidence considered by the board in making such decision.
“If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification. ’ ’
There is much force in the first paragraph of the per curiam opinion in the case of Standard Oil Co. v. Peck, Tax Commr., 163 Ohio St., 63, 65, 125 N. E. (2d), 342, 343, which reads:
“As is often the case in appeals from decisions of the Board of Tax Appeals, questions of fact are presented and those questions are close. It is not the function of this court to substitute its judgment for that of the board on factual issues but only to determine from an examination of the entire record whether the decision reached by the board is unreasonable or unlawful.”
In order for the appellant corporation herein to prevail, it is incumbent on it to show that the findings made and conclusions reached by the board in its decision are unreasonable or unlawful.
Under Sections 5739.02 and 5741.02, Revised Code, every *423 retail sale or use of tangible personal property in Ohio is presumed to be taxable, and the burden rests on the taxpayer to establish affirmatively his right to the exceptions claimed. Standard Oil Co. v. Peck, Tax Commr., supra.
To escape the imposition and payment of the tax on the equipment here in issue, the corporation must, under the requirements of Sections 5739.01 and 5741.01, Revised Code, prove that it is used or consumed directly in manufacturing or processing a product for sale.
Now, is the equipment here in issue used or consumed directly in manufacturing or processing a product for sale? That is a question of fact upon which reasonable minds may differ and have differed, as is demonstrated in these very cases. The Tax Commissioner took one view, the Board of Tax Appeals another, and the members of this court are not in agreement on the proposition. In a situation of this kind what is the duty of the court? According to the applicable statute the ultimate duty of the court is to decide whether the decision appealed from is reasonable and lawful or unreasonable or unlawful. In its endeavor to dispose of this matter and to avoid substituting its judgment for that of the board on questions of fact, the majority of this court, although the members of such majority differ in some respects with the board and even among themselves, has concluded that the decision of the board is not unreasonable or unlawful to the extent that a reversal or modification is required.
In arriving at such determination, there has been compliance with the provisions of the statute. Different cases coming to this court from the board on appeal call for different treatment. This is one of those instances in which a general determination that the decision of the board is not unreasonable or unlawful is warranted.
There is nothing novel or startling about the manner in which these cases have been decided. Similar dispositions have been made of orders of the Public Utilities Commission coming to this court on appeal. See Baltimore & Ohio Rd. Co. v. Public Utilities Commission, 156 Ohio St., 282, 102 N. E. (2d), 246; New York Central Rd. Co. v. Public Utilities Commission, 166 *424 Ohio St., 113, 139 N. E. (2d), 623; and Southern Ry. System v. Public Utilities Commission, 166 Ohio St., 240, 141 N. E. (2d), 149.
In the dissenting opinion it obviously is sought to accomplish the very thing the law defmitely does not permit, namely, the mere substitution of the judgment of this court for that of the Board of Tax Appeals on matters of mechanical detail.
WeygaNdt, C. J., Bell and Matthias, JJ., concur in the foregoing concurring opinion.
Stewart, J., dissenting and concurring. I dissent from the judgment in case No. 35045 and concur in the judgment in case No. 35046 for the reason that, in my opinion, the plant in question here is a completely integrated one.